The Honorable Tiffany M. Cartwright

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CENTER FOR BIOLOGICAL DIVERSITY, COLUMBIA RIVERKEEPER, CONSERVATION LAW FOUNDATION, CONSERVATION NORTHWEST, FRIENDS OF THE WILD SWAN, OREGON WILD, SIERRA CLUB, SWAN VIEW COALITION, and WILDEARTH GUARDIANS,

Plaintiffs,

v.

DOUGLAS BURGUM, Secretary of the Interior; KEVIN LILLY, Principal Deputy Assistant Secretary for Fish and Wildlife and Parks; U.S. FISH AND WILDLIFE SERVICE; HOWARD LUTNICK, Secretary of Commerce; TIMOTHY R. PETTY, Assistant Secretary of Commerce for Oceans and Atmosphere and Deputy NOAA Administrator; and NATIONAL MARINE FISHERIES SERVICE,

Defendants.

Case No. 2:26-cv-02474-TMC

**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT [DKT. NO. 18]**

Pursuant to Fed. R. Civ. P. 8(b), Federal Defendants Douglas Burgum, Secretary of the Interior, Kevin Lilly, Principal Deputy Assistant Secretary for Fish and Wildlife and Parks, U.S. Fish and Wildlife Service ("FWS"), Howard Lutnick, Secretary of Commerce, Timothy R. Petty, Assistant Secretary of Commerce for Oceans and Atmosphere and Deputy NOAA Administrator,


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-5785

and National Marine Fisheries Service ("NMFS") submit the following Answer in response to Plaintiffs' Amended Complaint, Dkt. No. 18. The numbered paragraphs in this Answer correspond to the numbered paragraphs in the Amended Complaint. Federal Defendants deny any allegations in the Amended Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

The allegations of fact in the Amended Complaint and any responses in this Answer are not relevant to judicial review, as this case is governed by the Administrative Procedure Act (APA), 5 U.S.C. § 706. *See, e.g., Am. Bioscience v. Thompson*, 269 F.3d 1077, 1083-84 (D.C. Cir. 2001) ("[W]hen a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal. The 'entire case' on review is a question of law.").

The allegations in the unnumbered, introductory paragraph of the Amended Complaint contain Plaintiffs' characterization of the case, to which no response is required.

1. Federal Defendants deny the allegations in this paragraph.

2. The allegations in this paragraph before the em dash contain Plaintiffs' characterization of the case to which no response is required. Federal Defendants deny the allegations in this paragraph after the em dash.

3. The allegations in this paragraph characterize the Endangered Species Act (ESA), which speaks for itself and is the best evidence of its contents.

4. The allegations in the first sentence of this paragraph, and the citation following that sentence, characterize the ESA, which speaks for itself and is the best evidence of its contents. The allegations in the second, third, and fourth sentences of this paragraph, including the citation following the third sentence, characterize former regulations in the Code of Federal Regulations, which speak for themselves and are the best evidence of their contents.

5. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

6. The allegations in this paragraph characterize a former regulation in the Code of Federal Regulations, which speaks for itself and is the best evidence of its contents.


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-5785

7. The allegations in the first, second, and third sentences of this paragraph are vague and ambiguous, in that they do not identify the species Plaintiffs claim were not driven to extinction, or the specific projects that Plaintiffs claim were regulated, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations. The allegations in the fourth sentence of this paragraph, and the citations following that sentence, characterize the ESA, which speaks for itself and is the best evidence of its contents.

8. The allegations in the first and third sentences of this paragraph, and the citation that follows the first sentence, characterize a rule published in the Federal Register, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in the second and fourth sentences of this paragraph.

9. The allegations in the first and fourth sentences of this paragraph characterize a rule published in the Federal Register, which speaks for itself and is the best evidence of its contents. The allegations in the second and third sentences of this paragraph, and the citations that follow those sentences, characterize a Supreme Court decision and a dissenting opinion, which speak for themselves and are the best evidence of their contents.

10. The allegations in this paragraph characterize a rule published in the Federal Register, which speaks for itself and is the best evidence of its contents.

11. Federal Defendants deny the allegations in this paragraph.

12. Federal Defendants deny the allegations in this paragraph.

13. Federal Defendants deny the allegations in this paragraph.

14. The allegations in this paragraph contain Plaintiffs' characterization of the case to which no response is required.

15. The allegations in the first and second sentences of this paragraph consist of legal conclusions, to which no response is required. In response to the allegations in the third and fourth sentences of this paragraph, Federal Defendants admit only that they received from Plaintiffs the letter dated July 14, 2026, attached as Exhibit A to Plaintiffs' Amended Complaint. The remaining allegations in the third sentence of this paragraph consist of legal conclusions to

which no response is required. Federal Defendants deny any allegations in the letter attached to Plaintiffs' Amended Complaint as Exhibit A.

16. The allegations in this paragraph are legal conclusions to which no response is required.

17. The allegations in the clause before the colon in this paragraph contain Plaintiffs' characterization of the case to which no response is required.

17(A). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this subparagraph.

17(A)(i). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of this subparagraph. Federal Defendants deny the allegations in the third sentence of this subparagraph. Federal Defendants admit the allegations in the fourth sentence of this subparagraph.

17(A)(ii). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, and fifth sentences of this subparagraph. The allegations in the third sentence of this subparagraph characterize a draft habitat conservation plan, which speaks for itself and is the best evidence of its contents. The allegations in the fourth sentence of this subparagraph characterize a draft habitat conservation plan and a rule published in the Federal Register, which speak for themselves and are the best evidence of their contents. The allegations in the first clause of the sixth sentence of this subparagraph characterize a draft habitat conservation plan, which speaks for itself and is the best evidence of its contents. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second clause of the sixth sentence of this subparagraph. Federal Defendants deny the allegations in the seventh sentence of this subparagraph.

17(B). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this subparagraph.

17(B)(i). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of this subparagraph.


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-5785

Federal Defendants deny the allegations in the third sentence of this subparagraph. Federal Defendants admit the allegations in the fourth sentence of this subparagraph.

17(B)(ii). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of this subparagraph. Regarding the third sentence of this subparagraph, Federal Defendants admit that Ms. Tortorici was formerly employed by NMFS. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the third sentence of this subparagraph. Federal Defendants deny the allegations in the fourth sentence of this subparagraph.

17(C). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this subparagraph.

17(C)(i). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of this subparagraph. Federal Defendants deny the allegations in the third sentence of this subparagraph. Federal Defendants admit the allegations in the fourth sentence of this subparagraph.

17(C)(ii). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences of this subparagraph. Federal Defendants deny the allegations in the fifth sentence of this subparagraph.

17(D). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this subparagraph.

17(D)(i). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of this subparagraph. Federal Defendants deny the allegations in the third sentence of this subparagraph. Federal Defendants admit the allegations in the fourth sentence of this subparagraph.

17(D)(ii). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third, fifth, sixth, seventh, eighth, ninth, eleventh, and twelfth sentences of this subparagraph. The allegations in the fourth sentence of this subparagraph are vague and ambiguous, in that they do not identify what in the proposed


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-5785

amendment to the Northwest Forest Plan would be "undermine[d]" by the rescission of the regulatory definition of harm, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations. Federal Defendants deny the allegations in the tenth sentence of this subparagraph.

17(E). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this subparagraph.

17(E)(i). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this subparagraph. Federal Defendants deny the allegations in the second sentence of this subparagraph. Federal Defendants admit the allegations in the third sentence of this subparagraph.

17(E)(ii). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, and third sentences of this subparagraph. The allegations in the fourth sentence of this subparagraph are vague and ambiguous, in that they do not identify the U.S. Forest Service management actions, mitigation, and protective standards that they claim will be affected by the rescission of the regulatory definition of harm, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

17(F). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, and third sentences of this subparagraph. The allegations in the fourth sentence of this subparagraph characterize the docket of the Supreme Court and a Supreme Court decision, which speak for themselves and are the best evidence of their contents.

17(F)(i). The allegations in the first sentence of this subparagraph are vague and ambiguous, in that they do not identify the species they claim will be affected by the rescission of the regulatory definition of harm, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations. Federal Defendants deny the allegations in the second sentence of this subparagraph. Federal Defendants admit the allegations in the third sentence of this subparagraph.


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-5785

17(F)(ii). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third, fifth, and sixth sentences of this subparagraph. The allegations in the fourth sentence of this subparagraph are vague and ambiguous, in that they do not identify with specificity the U.S. Forest Service and Bureau of Land Management actions that they allege will address take, and how, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations. Federal Defendants deny the allegations in the seventh sentence of this subparagraph.

17(G). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences of this subparagraph. The allegations in the fifth sentence of this subparagraph characterize the docket of the Supreme Court, which speaks for itself and is the best evidence of its contents.

17(G)(i). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of this subparagraph. Federal Defendants deny the allegations in the third sentence of this subparagraph. Federal Defendants admit the allegations in the fourth sentence of this subparagraph.

17(G)(ii). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third, fourth, and fifth sentences of this subparagraph. The allegations in the sixth sentence of this subparagraph are vague and ambiguous, in that they do not identify the consultations Plaintiffs allege will be undermined, and how, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

17(H). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this subparagraph.

17(H)(i). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this subparagraph. Federal Defendants deny the allegations in the second sentence of this subparagraph. Federal Defendants admit the allegations in the third sentence of this subparagraph.


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-5785

17(H)(ii). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences of this subparagraph. Federal Defendants deny the allegations in the fifth sentence of this subparagraph.

17(I). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this subparagraph.

17(I)(i). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this subparagraph. Federal Defendants deny the allegations in the second sentence of this subparagraph. Federal Defendants admit the allegations in the third sentence of this subparagraph.

17(I)(ii). Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, and fifth sentences of this subparagraph. The allegations in the third, fourth, and sixth sentences of this subparagraph are vague and ambiguous, in that they do not specify how the rescinded regulatory definition of harm was used as a "tool" and by whom, explain what they mean by the allegation that the Western Oregon State Forests Habitat Conservation Plan "depends on its ability to protect listed species," or identify the consultations and management plans they believe will cause the silvery minnow to become extinct, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

18. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. Federal Defendants deny any allegations in Exhibit B, to the extent that such allegations are incorporated into the Amended Complaint.

19. The allegations in the first sentence of this paragraph are legal conclusions to which no response is required. The allegations in the second sentence of this paragraph, and the citation following that sentence, characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in the third and fourth sentences of this paragraph. The allegations in the fourth sentence of this paragraph, and the citation following that sentence, also characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

20. Federal Defendants deny the allegations in this paragraph.

21. The allegations in the clause before the colon in this paragraph contain Plaintiffs' characterization of the case to which no response is required.

21(A). The allegations in the first sentence of this subparagraph contain Plaintiffs' characterization of the case to which no response is required. The allegations in the second sentence of this subparagraph are legal conclusions to which no response is required.

21(B). The allegations in the first sentence of this subparagraph contain Plaintiffs' characterization of the case to which no response is required. The allegations in the second sentence of this subparagraph characterize a rule published in the Federal Register, which speaks for itself and is the best evidence of its contents.

21(C). The allegations in this subparagraph contain Plaintiffs' characterization of the case to which no response is required. Federal Defendants further state that FWS has responsibility, as delegated by the Secretary of the Interior, for administering the ESA with regard to certain threatened and endangered freshwater and terrestrial species.

21(D). The allegations in the first sentence of this subparagraph contain Plaintiffs' characterization of the case to which no response is required. The allegations in the second sentence of this subparagraph are legal conclusions to which no response is required.

21(E). The allegations in the first sentence of this subparagraph contain Plaintiffs' characterization of the case to which no response is required. The allegations in the second sentence of this subparagraph characterize a rule published in the Federal Register, which speaks for itself and is the best evidence of its contents.

21(F). The allegations in this subparagraph contain Plaintiffs' characterization of the case to which no response is required. Federal Defendants further state that NMFS has responsibility, as delegated by the Secretary of Commerce, for administering the ESA with regard to certain threatened and endangered marine species.

22. The allegations in the first sentence of this paragraph are vague and ambiguous, in that they do not identify which species they allege are threatened with extinction by habitat loss, and therefore Federal Defendants deny them because they lack sufficient knowledge or

information to form a belief as to the truth of the allegations. The allegations in the second and third sentences of this paragraph characterize a scientific or statistical study, which speaks for itself and is the best evidence of its contents.

23. The allegations in this paragraph are vague and ambiguous, in that they do not identify which species they allege are affected by habitat loss, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

24. The allegations in this paragraph are vague and ambiguous, in that they do not identify which salmonid populations they allege are affected by reduced flows in which streams and by which dams, or where or when they allege grizzly bears have been affected by roads, where or when they allege rufa red knot shorebirds have been impaired on their migrations by overexploitation of horseshoe crabs, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

25. The allegations in the first and second sentences of this paragraph, and citations after each sentence, characterize the ESA, which speaks for itself and is the best evidence of its contents. The allegations in the third sentence of this paragraph, and citation after the third sentence, characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

26. The allegations in this paragraph, and the citations after each sentence, characterize the ESA, which speaks for itself and is the best evidence of its contents.

27. The allegations in the first sentence of this paragraph, and the citations after that sentence, characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. The allegations in the second sentence of this paragraph, and the citation after that sentence, characterize the ESA, which speaks for itself and is the best evidence of its contents. The allegations in the third sentence of this paragraph, and citation after the third sentence, characterize a Senate report, which speaks for itself and is the best evidence of its contents.

28. Federal Defendants deny the allegations of this paragraph. The citation in this paragraph also characterizes a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

29. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

30. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

31. Regarding the first sentence in this paragraph, Federal Defendants admit only that more than one hundred incidental take permits have been issued since 1982. The allegations in the second sentence of this paragraph are vague and ambiguous, in that they do not identify what activities by private entities or individuals "go forward" and how the permits are "balancing the survival needs," and for which species, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

32. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

33. The allegations in this paragraph characterize regulations implementing the ESA, which speak for themselves and are the best evidence of their contents.

34. The allegations in this paragraph characterize regulations implementing the ESA, which speak for themselves and are the best evidence of their contents.

35. The allegations in this paragraph characterize regulations implementing the ESA, which speak for themselves and are the best evidence of their contents.

36. The allegations in this paragraph characterize regulations implementing the ESA, which speak for themselves and are the best evidence of their contents.

37. The allegations in the first sentence of this paragraph, and the citations after that sentence, characterize the ESA and regulations implementing the ESA, which speak for themselves and are the best evidence of their contents. The allegations in the second sentence of this paragraph, and the citation after that sentence, characterize the ESA, which speaks for itself and is the best evidence of its contents.


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-5785

38. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

39. Federal Defendants deny the allegations of this paragraph. The allegations in the second sentence of this paragraph also characterize a consultation handbook, which speaks for itself and is the best evidence of its contents.

40. The allegations in this paragraph characterize the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its contents.

41. The allegations in this paragraph characterize NEPA, which speaks for itself and is the best evidence of its contents.

42. The allegations in this paragraph characterize NEPA, which speaks for itself and is the best evidence of its contents.

43. The allegations in the first sentence of this paragraph, and the citations after that sentence, characterize NEPA and a Supreme Court decision, which speak for themselves and are the best evidence of their contents. The allegations in the second sentence of this paragraph, and the citation after that sentence, characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

44. The allegations in this paragraph characterize NEPA, which speaks for itself and is the best evidence of its contents.

45. The allegations in this paragraph characterize NEPA, which speaks for itself and is the best evidence of its contents.

46. The allegations in the first sentence of this paragraph, and the citation following that sentence, characterize NEPA, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of this paragraph, and the citation following that sentence, characterize regulations implementing NEPA, which speak for themselves and are the best evidence of their contents. The allegations in the third sentence of this paragraph, and the citations following that sentence, characterize regulations implementing NEPA and a NEPA guidance document, which speak for themselves and are the best evidence of their contents.


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-5785

47. The allegations in this paragraph are vague and ambiguous, in that they do not identify what Plaintiffs mean by “key,” “significant adverse consequences,” “unwavering,” or “issued a contrary interpretation,” and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

48. The allegations in this paragraph characterize rulemakings published in the Federal Register, which speak for themselves and are the best evidence of their contents.

49. Federal Defendants deny the allegations in the first, second, and third sentences of this paragraph. The allegations in the second sentence of this paragraph, and the citation following that sentence, also characterize the ESA, which speaks for itself and is the best evidence of its contents. The allegations in the fourth sentence of this paragraph, and the citation following that sentence, characterize a Senate report, which speaks for itself and is the best evidence of its contents.

50. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

51. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

52. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

53. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

54. The allegations in this paragraph characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents.

55. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

56. The allegations in this paragraph characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of this paragraph also contain legal conclusions to which no response is required.



U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-5785

57. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents. The allegations in the first and second sentences of this paragraph are also legal conclusions to which no response is required.

58. Federal Defendants deny the allegations in the first and fourth sentences of this paragraph. The allegations in the second and third sentences of this paragraph, and the citations following those sentences, characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents.

59. The allegations in this paragraph characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents. The allegations in this paragraph also contain legal conclusions to which no response is required.

60. The allegations in this paragraph characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents.

61. The allegations in this paragraph characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents.

62. The allegations in this paragraph characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents.

63. The allegations in the first and second sentences of this paragraph, and the citations following those sentences, characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in the third sentence of this paragraph.

64. The allegations in this paragraph characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents.

65. In response to the first sentence of this paragraph, Federal Defendants admit that FWS and NMFS received approximately 358,000 public comments on the proposed rescission of the regulatory definition of harm by the close of the public comment period. The allegations in the second sentence of this paragraph characterize public comments on the rule, which speak for themselves and are the best evidence of their contents.


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-5785

66. The allegations in this paragraph characterize public comments submitted on a proposed rule, which speak for themselves and are the best evidence of their contents.

67. The allegations in this paragraph characterize public comments submitted on a proposed rule, which speak for themselves and are the best evidence of their contents.

68. The allegations in this paragraph characterize public comments submitted on a proposed rule, which speak for themselves and are the best evidence of their contents.

69. The allegations in this paragraph characterize public comments submitted on a proposed rule, which speak for themselves and are the best evidence of their contents.

70. The allegations in this paragraph characterize a rule published in the Federal Register, which speaks for itself and is the best evidence of its contents.

71. Federal Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph characterize a rule published in the Federal Register, which speaks for itself and is the best evidence of its contents.

72. The allegations in this paragraph characterize a rule published in the Federal Register, which speaks for itself and is the best evidence of its contents.

73. Federal Defendants deny the allegations in this paragraph.

74. The allegations in this paragraph characterize a rule published in the Federal Register, which speaks for itself and is the best evidence of its contents.

75. The allegations in this paragraph characterize a rule published in the Federal Register, which speaks for itself and is the best evidence of its contents.

76. The allegations in this paragraph characterize a rule published in the Federal Register, which speaks for itself and is the best evidence of its contents.

77. The allegations in this paragraph characterize a rule published in the Federal Register, which speaks for itself and is the best evidence of its contents.

78. The allegations in this paragraph are vague and ambiguous because they do not identify the "effect" allegedly caused by the rescission of the harm rule, or which biological opinions or incidental take permits they allege will be affected, and therefore Federal Defendants


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-5785

deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

79. The allegations in the first sentence of this paragraph are vague and ambiguous because they do not identify the species they allege are conserved by the Northwest Forest Plan and how these allegations relate to biological opinions, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations. The allegations in the second sentence of this paragraph characterize proposed amendments to the Northwest Forest Plan, which speak for themselves and are the best evidence of their contents.

80. The allegations in this paragraph are vague and ambiguous because they do not identify how the consultation will "result in inadequate habitat protections" for the northern spotted owl, marbled murrelet, or ESA-listed salmon, steelhead, and trout, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

81. The allegations in this paragraph are vague and ambiguous because they do not explain what they mean by "upend," "largely," or "undermine," and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

82. Federal Defendants deny the allegations in this paragraph.

83. The allegations in this paragraph characterize a rule published in the Federal Register and the ESA, which speak for themselves and are the best evidence of their contents.

84. Federal Defendants deny the allegations in the first and fourth sentences of this paragraph. The allegations in the second sentence of this paragraph, and the citation following that sentence, characterize a rule published in the Federal Register, which speaks for itself and is the best evidence of its contents. The allegations in the third sentence of this paragraph are legal conclusions to which no response is required.


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-5785

85. Federal Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph characterize a rule published in the Federal Register, which speaks for itself and is the best evidence of its contents.

86. Federal Defendants deny the allegations in this paragraph.

87. Federal Defendants restate and incorporate by reference their responses to all preceding paragraphs.

88. Federal Defendants deny the allegations of this paragraph.

89. The allegations in this paragraph characterize the APA, which speaks for itself and is the best evidence of its contents.

90. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

91. The allegations in this paragraph characterize Supreme Court decisions, which speak for themselves and are the best evidence of their contents.

92. Federal Defendants deny the allegations in this paragraph.

93. Federal Defendants deny the allegations in this paragraph.

94. Federal Defendants deny the allegations in this paragraph.

95. Federal Defendants restate and incorporate by reference their responses to all preceding paragraphs.

96. The allegations in this paragraph characterize NEPA, which speaks for itself and is the best evidence of its contents.

97. Federal Defendants deny the allegations in this paragraph.

98. In response to the allegations in this paragraph, Federal Defendants admit only that FWS and NMFS did not prepare an Environmental Impact Statement or Environmental Assessment for the rescission of the regulatory definition of harm. Federal Defendants deny the remaining allegations in this paragraph.

99. Federal Defendants deny the allegations in this paragraph.

100. Federal Defendants deny the allegations in this paragraph.

101. Federal Defendants deny the allegations in this paragraph.

102. Federal Defendants deny the allegations in this paragraph.

103. Federal Defendants restate and incorporate by reference their responses to all preceding paragraphs.

104. The allegations in this paragraph characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

105. Federal Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph consist of a legal conclusion, to which no response is required, and characterize a Ninth Circuit decision, which speaks for itself and is the best evidence of its contents.

106. The allegations in the first sentence of this paragraph characterize the ESA implementing regulations, which speak for themselves and are the best evidence of their contents. The allegations in the second sentence of this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents. The allegations in the third sentence of this paragraph characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

107. Federal Defendants deny the allegations in this paragraph.

108. In response to the allegations in this paragraph, Federal Defendants admit only that FWS and NMFS did engage in Section 7 consultation on the rescission of the regulatory definition of harm. Federal Defendants deny the remaining allegations in this paragraph.

109. Federal Defendants deny the allegations in this paragraph.

The remainder of Plaintiffs' Amended Complaint constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response may be required, Federal Defendants deny that Plaintiffs are entitled to any relief.

**GENERAL DENIAL**

Federal Defendants deny any allegations of the Amended Complaint, whether express or implied, not specifically admitted, denied, or qualified herein.

Federal Defendants reserve the right to assert any other claims or defenses as may be available or may become available during the course of these proceedings.


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-5785

WHEREFORE, Federal Defendants request that the Court dismiss the Amended Complaint in its entirety, render judgment for Federal Defendants and against Plaintiffs, and grant Federal Defendants any further relief that the nature of the case and justice require.

Dated: September 28, 2026

Respectfully Submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief
MICHAEL R. EITEL, Assistant Section Chief

*/s/ Sara M. Warren*
SARA M. WARREN, Trial Attorney
MICHELLE M. SPATZ, Senior Trial Attorney
United States Department of Justice
Energy and Natural Resources Division
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
202-598-5785 (Warren); 202-598-9741 (Spatz)
sara.warren@usdoj.gov; michelle.spatz@usdoj.gov