UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SWINOMISH INDIAN TRIBAL COMMUNITY ET AL.,<br>Plaintiffs,<br>v.<br>NATIONAL MARINE FISHERIES SERVICE ET AL.,<br>Defendants. | Case No. 2:26-cv-02473-TMC<br><br>ORDER CONSOLIDATING CASES AND ISSUING CASE SCHEDULE |
| CENTER FOR BIOLOGICAL DIVERSITY ET AL.,<br>Plaintiffs,<br>v.<br>DOUGLAS BURGUM ET AL.,<br>Defendants. | |
| PUYALLUP TRIBE OF INDIANS,<br>Plaintiff,<br>v. | |

UNITED STATES FISH AND WILDLIFE SERVICE,

Defendant.

## I. ORDER

This matter comes before the Court during review of 2:26-cv-02473-TMC *Swinomish Indian Tribal Community et al. v. National Marine Fisheries Service et al.*, 2:26-cv-02474-TMC *Center for Biological Diversity et al. v. Douglas Burgum et al.*, and 3:26-cv-05788 *Puyallup Tribe of Indians v. United States Fish and Wildlife Service*. Having reviewed the complaints and the balance of the records in the above-captioned matters and having heard from the parties at a status conference on September 29, 2026 (*see* Dkt. 14), the Court CONSOLIDATES the three actions for purposes of discovery and pretrial motions. As set forth further below, the Court also issues a case schedule based on the proposal set forth by Plaintiffs in the joint status report filed on October 1, 2026. *See* Dkt. 15.

Under Federal Rule of Civil Procedure 42(a), a court may consolidate "actions before the court [that] involve a common question of law or fact." Courts have broad discretion to consolidate cases pending in the same district. *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855–56 (9th Cir. 2016). A court may consolidate actions sua sponte. *See In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) ("[C]onsolidation is within the broad discretion of the district court . . . and trial courts may consolidate cases sua sponte.").

Here, Plaintiffs in each case challenge actions by the National Marine Fisheries Service and the United States Fish and Wildlife Service to rescind the regulatory definition of "harm" under the Endangered Species Act through a final rule issued on July 14, 2026. While there may be slight differences in the nature of the challenges brought by each set of Plaintiffs, the cases

share common questions of law and fact. *See* Fed. R. Civ. P. 42(a). Moreover, consolidating the cases would serve "judicial economy," "expedite resolution of the case[s]," and avoid "inconsistent results." 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2383 (3d ed., Apr. 2022 Update). All parties agreed to consolidation at the September 29, 2026 status conference.

Accordingly, the Court hereby ORDERS:

1. **Consolidation:** 2:26-cv-02473-TMC *Swinomish Indian Tribal Community et al. v. National Marine Fisheries Service et al.*, 2:26-cv-02474-TMC *Center for Biological Diversity et al. v. Douglas Burgum et al.*, and 3:26-cv-05788-TMC *Puyallup Tribe of Indians v. United States Fish and Wildlife Service* are CONSOLIDATED for dispositive and other motions practice.

    A. All future filings in this consolidated action must be filed under case number 2:26-cv-02473-TMC, with the following caption: *Swinomish Indian Tribal Community et al. v. National Marine Fisheries Service et al.*

    B. The Clerk is DIRECTED to administratively close *Center for Biological Diversity et al. v. Douglas Burgum et al.*, 2:26-cv-02474-TMC, and *Puyallup Tribe of Indians v. United States Fish and Wildlife Service*, 3:26-cv-05788-TMC.

2. **Scheduling:** The Court finds good cause to enter the schedule proposed by Plaintiffs.

    A. Pleadings

        1. By October 8, 2026, Puyallup Tribe of Indians shall file any amended complaint permitted as a matter of course under Federal Rule of Civil Procedure 15(a)(1) or a motion for leave if required under Rule 15(a)(2) or (d).

2. Swinomish Indian Tribal Community and Squaxin Island Tribe shall file any motion for leave to amend and/or supplement their complaint(s) when their Notice of Intent ripens, but no later than November 3, 2026. Nothing in this Order precludes Plaintiffs from filing an amended complaint as a matter of course within the time permitted by Federal Rule of Procedure 15(a)(1).

B. Administrative Record and Related Motions

1. By October 9, 2026, Federal Defendants shall file the Administrative Record.
2. By October 23, 2026, Plaintiffs shall file one combined motion regarding any need to complete or supplement the administrative record, the applicability of any exceptions to record review, and/or the need for judicial review of extra-record materials. This motion shall be subject to the page limits of Local Civil Rule 7(e)(3).
3. By November 6, 2026, Federal Defendants shall file an opposition to any such motion.
4. By November 13, 2026, Plaintiffs shall file a reply to any such motion.

C. Cross-Motions for Summary Judgment

1. By November 20, 2026, Plaintiffs shall file their motions for summary judgment.
   i. Plaintiffs' cumulative word limit for their briefs shall be 13,000 words.

2. By January 15, 2027, Federal Defendants shall file their combined cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment.
    i. Federal Defendants' word limit for their combined brief shall be 16,000 words.
3. By February 26, 2027, Plaintiffs shall file their opposition to Federal Defendants' combined cross-motion for summary judgment and reply in support of their motion for summary judgment.
    i. Plaintiffs' cumulative word limit for their combined briefs shall be 13,000 words.
4. By March 26, 2027, Federal Defendants shall file their reply in support of their cross-motion for summary judgment.
    i. Federal Defendants' word limit for their brief shall be 10,000 words.

Dated this 2nd day of October, 2026.

Tiffany M. Cartwright
United States District Judge